UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODY RIZZO,<br><br>*Plaintiff,*<br><br>v.<br><br>FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY, BARNES AND NOBLE, INC. JOHN DOES 1-10 (FICTITIOUS DEFENDANTS) and XYZ, CORPS. 1-10 (FICTITIOUS DEFENDANTS), Defendants<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-745-PGS-DEA<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (ECF No. 56). The Court took the arguments as to ECF 56 under advisement, noting on the record that it would consider ECF Nos. 39, 47, 56, and 60 when deciding this motion.

Plaintiff's Counsel seeks $129,079.88 in total, comprised of $125,800 in fees and $3,279.88 in costs. (ECF No. 39; ECF No. 56). For the reasons stated below, the Court finds that Plaintiff's Counsel is entitled to attorney's fees in the amount of $125,800 in attorney's fees and $2,424,75 in costs.

I.

*i.  Factual Background*

1

Plaintiff's late husband, Mr. Rizzo, was an employee of Barnes and Noble. (ECF No. 27-6). As an employee of Barnes and Noble, Mr. Rizzo was provided benefits by defendant First Reliance Standard Life Insurance Company ("Standard Life"). (ECF No. 56-1 at 8). After Mr. Rizzo passed away, Plaintiff sued Standard Life for wrongfully denying her request for life insurance benefits under her deceased husband's group life insurance policy in violation of the Employee Retirement Income Security Act ("ERISA").

On October 23, 2019, the Court issued an Order denying Defendant's Motion for Summary Judgment and granting Plaintiff's Cross Motion for Summary Judgment. (ECF No. 37). In doing so, the Court held that Plaintiff was entitled to $188,000 offered under her deceased husband's group life insurance policy and that the Defendant Standard Life had acted capriciously and arbitrarily in denying Mr. Rizzo's Waiver of Premium application. (ECF No. 37 at 19). Defendant appealed the decision, and the Court noted that "any motion for attorneys' fees will be addressed subsequent to the resolution of the appeal." (ECF No. 42).

On December 16, 2022, the Third Circuit affirmed the grant of summary judgment to Plaintiff and awarded Plaintiff costs in the amount of $302.79. (ECF No. 67). Given the muddled nature of the record with regards to the attorney's fees filings, the Court summarizes the relevant litigation surrounding attorneys' fees below.

2

### ii.     *Relevant Procedural History*

March 27, 2023, Plaintiff filed an amended motion for fees and costs seeking $212,250.00. (ECF No. 56). This motion approximated work as follows at $500 per hour: 251.6 hours relating to the District Court litigation and 172.9 hours relating to the appeal. This totaled 432.20 hours or $212,250.00. (ECF No. 56 at 2). Attached to the brief were three exhibits: (1) Gregory Heizler's Declaration (Exhibit A); (2) Retired Judge Orlosfsky's declaration (Exhibit B); and (3) Michael Donahue's Declaration. Plaintiff's Counsel failed to submit a proposed order as required and submitted the proposed order two days later on March 29, 2023. (ECF No. 57). Plaintiff's Counsel also failed to attach a time sheet detailing his work to the filing.

On April 7, 2023, Standard Life submitted its opposition to this motion, putting forth three arguments: (1) that Plaintiff's argument would result in a second litigation; (2) that Plaintiff's motion was incorrectly filed and filed late per Third Circuit L.A.R. Misc. 108.1; and (3) Plaintiff's Counsel, Mr. Heizler, did not attach his hourly timesheet accounting for his time to the motion. (ECF No. 58).

The following day, Mr. Heizler submitted a declaration stating that his omission of the time sheet was a clerical error proven by the fact that Mr. Heizler had submitted his time sheet to the Court in its courtesy copies but not uploaded the same to Pacer. (ECF No. 59 at ¶¶ 4–6). Upon realizing the error, Mr. Heizler

3

"forwarded [the timesheets] to defense counsel by way of email and . . . advised of my clerical error." (*Id.* at § 8). On April 20, 2023, Mr. Heizler filed an amended motion for attorney's fees with the exhibits appended as one attachment. (ECF No. 60).

On April 24, 2023 in this Court, Plaintiff moved to stay the proceedings pending the appeal and for an extension of the thirty-day deadline to file a motion for attorney's fees and costs. (ECF No. 61).

On April 24, 2023, Standard Life filed a motion to strike ECF No. 60 (ECF Nos. 62–63). In that motion, Standard Life stated: (1) that there was no reason why a stay should be granted and (2) that Plaintiff's motion to the Third Circuit was limited only to whether Plaintiff properly sought fees in Third Circuit, not before the District Court. (ECF Nos. 62–63).

On May 16, 2023, the Third Circuit granted the Motion to Extend Time to Seek Attorneys' Fees and Costs or Refer the Application to the District Court, granting Plaintiff-Appellee Ms. Rizzo thirty days to file her motion. The motion for Attorney's Fees was filed on May 17, 2023. On May 31, 2023, the Appellate Court granted Plaintiff's motion for attorneys' fees and costs in the amount of $302.79 in costs and $79,050.00 in fees.

Plaintiff explained the multitude of filings before this Court in a May 17, 2023 letter to the Court. (ECF No. 64). Plaintiff's Counsel represented that the "only

4

remaining issue before the court is my amended motion for fees and costs at the District Court." (ECF No. 64 at 2). Standard Life replied that same day, stating its position that "Plaintiff's defective Motion should be denied without the need to consider the improperly submitted exhibits," further arguing that Standard Life could not substantively respond to the filings given that the time sheet was not attached to the original filing. (ECF No. 66 at 2).

It is worth noting that the litigation in this case has been particularly adversarial. In addition to the emotionally charged subject matter, the parties have denied each other routine extension requests to conduct the litigation. (ECF No. 60-1 at Ex. A082; ECF No. 60-1 at Ex. A086) and exchanged sarcastic emails (ECF No. 47 at Ex. A). Perhaps most shocking was when Mr. Heizler's former law partner, John Mennie, sent an offensive, expletive laden email to Mr. Heizler and opposing counsel. (ECF No. 47 at Ex. B). This email reads: "What a jerk off you're way too nice bitch slap this motherfucker." Plaintiff's Counsel represented at oral argument that this communication was meant to be an "internal" communication and "accidental reply-all." (T8:7–8). While this email was sent after the conclusion of litigation, this behavior is antithetical to the professional standards of our practice and common courtesy.

## II.

Attorneys' fees may be awarded to prevailing parties in actions brought under

5

the Employee Retirement Income Security Act of 1974 ("ERISA"). The statute does not, however, provide a standard for a fee award, noting only that "the court in its discretion may allow a reasonable attorney's fee and costs of action." 29 U.S.C. 1132(g)1). Eligibility for an award of attorney's fees centers on whether the moving party "has shown some degree of success on the merits, not on whether the moving party is the prevailing party in the litigation." *Templin v. Indep. Blue Cross*, 785 F.3d 861, 864 (3d Cir. 2015) (citing *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 254 (2010)). After showing success, the courts evaluate the five factors set forth in *Ursic* to determine whether to exercise discretion and order an award given that courts still have discretion to grant or deny fees. *Templin*, 785 F.3d at 864; 867 (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983)).

    The *Ursic* factors include "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; and (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Ursic*, 719 F.2d at 673 (3d Cir. 1983). District courts "are required to consider each of the *Ursic* factors." *Templin*, 785 F.3d at 868; *see also Anthuis v. Colt Ind. Operating Corp.*, 971 F.2d 999, 1011 (3d Cir. 1992). However, the *Ursic* factors "are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court

6

must consider in exercising its discretion." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004).

If the fees are appropriate under the *Ursic* factors, the Court will examine whether the requested amount of fees and costs is reasonable. *See Einhorn v. Dimedio Lime Co.,* No. 13-3634, 2015 WL 5920911 (D.N.J. Oct. 9. 2015); *see also Askew v. R.L. Reppert, Inc.*, No. 11-04003, 2020 WL 4050605, at *2 (E.D. Pa. July 17, 2020). The Third Circuit's case law "makes clear that . . . the amount of a fee award is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 329 (3d Cir. 2011) (en banc).

The prevailing party seeking attorney's fees bears the burden of establishing their reasonableness by submitting evidence supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal citations omitted). The burden then shifts to the party opposing the attorneys' fees request to contest either the reasonableness of the hours or the rates claimed. *Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F.Supp.2d 480, 485 (D.N.J. 1998). Once the opposing party has met this burden, "the court has wide discretion" to determine whether the number of hours reported are reasonable, and whether the claimed rates are in accordance with prevailing market rates in the relevant community. *Rode*, 892 F.3d at 1183 (internal citations omitted).

Standard Life does not dispute that Plaintiff's Counsel is eligible for an award of attorney's fees. (ECF No. 47 at 6). Rather, Standard Life contends that Plaintiff's Counsel failed to properly identify the correct legal test for the award of legal fees, and as such, the request should be denied. (*Id.*). Specifically, Standard Life states that the Plaintiff did not correctly identify the *Ursic* test in its papers, and therefore, *Ursic* should not be applied. (*Id.*). Standard Life does not, however, argue how this case does or does not satisfy the *Ursic* test. From its papers, Standard Life implies that the *Ursic* test is not satisfied by Plaintiff's Counsel because of Plaintiff's Counsel's conduct. (ECF No. 47). Although Standard Life's argument has some merit, it is difficult to deprive a widow of such an award when Mr. Mennie acted in an unprofessional manner. As such, *Ursic* factors weigh in favor of Plaintiff.

### III.

Overall, Plaintiff's Counsel satisfies the *Ursic* factors. Specifically, Standard Life was found to have acted arbitrarily and capriciously in denying Ms. Rizzo insurance benefits. (ECF No. 37 at 19). Therefore, "applying the broad definition of culpability," the first and fifth *Ursic* factors weigh in favor of a fee award. *See Patterson v. Aetna Life Insurance Co.*, No 15-8156, 2018 WL 3601227, at *2 (D.N.J. July 27, 2018). Similarly—going to the third *Ursic* factor—the deterrent effects of this decision will serve to discourage Standard Life from arbitrarily and capriciously denying a Waiver of Premium application where medical information is available

for its review prior to making a benefit determination. *See McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 258 (3d Cir. 1994); *Berkoben v. Aetna Life Ins. Co.*, No. 12-1677, 2014 WL 3565959, at *12 (W.D. Pa. July 18, 2014). To the fourth factor, other members of the pension plan will benefit from Standard Life's consideration of medical information prior to determination of its Waiver of Premium decisions, and this decision might deter other insurers from engaging in similar arbitrary and capricious conduct in the future. Additionally, a reduction in the delay and "the need for costly and time-consuming litigation will likely result from this [award]." *Berkoben v. Aetna Life Ins. Co.*, No. 12-1677, 2014 WL 3565959, at *13 (W.D. Pa. July 18, 2014). While neither party addressed *Ursic* factor two—the offending party's ability to pay—this is not determinative in the Court's decision-making process given that all the other *Ursic* factors are satisfied.

### a) *Reasonableness of Fees*

Having established the appropriateness of fees and costs under *Ursic*, the Court next turns to the reasonableness of the hourly rates. A reasonable hourly rate is the "'prevailing market rates in the relevant community.'" *Chaaban v. Criscito*, No. 08-1567, 2013 WL 1737689, at *9 (D.N.J. Apr. 3, 2013), *report and recommendation adopted*, No. 08-1567, 2013 WL 1730733 (D.N.J. Apr. 22, 2013) (internal citations omitted). Counsel is required to establish by satisfactory evidence that the rates charged reflect those prevailing in the region for comparable services.

9

*Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). Counsel's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community, or by third party fee structures. *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc*, No. 11-6368, 2012 WL 2369367, at *4 n.4. (D.N.J June 20, 2012).

Plaintiff's Counsel bills at a rate of $500 per hour. Plaintiff's Counsel supplied the Court with two declarations of non-party attorneys that stated that the $500 per-hour is reasonable: Judge Stephen M. Orlofsky (ret.) of Blank Rome (ECF 56-8) and Michael Donahue of Stark & Stark (ECF 56-9). Judge Orlofsky (ret.) issued expert reports on the reasonableness of fees in multiple other cases and served as a Special Master with respect to attorney's fees in 2022. (ECF No. 56-8 at ¶¶ 4–6). Judge Orlofsky (ret.) found Plaintiff's Counsel's fees to be reasonable, stating that "based on [his] experience as a former United States District Judge, Magistrate Judge, class action counsel, complex case counsel, Mediator, Special Master, and Arbitrator, it is [his] opinion that the hourly rate charge of $500 per hour is reasonable and consistent with other competent and experienced attorneys in ERISA cases and other complex cases in the District of New Jersey, particularly the Trenton Vicinage." (*Id.* at ¶ 9). Similarly, Mr. Donahue of Stark & Stark recited Plaintiff's Counsel's credentials, stating that Mr. Donahue was "very familiar with [Plaintiff's Counsel's] abilities, experience, and reputation in the community, all of which [Mr.

Donahue] consider[s] to be exceptional." (ECF No. 56-89 at ¶ 18). Mr. Donahue pointed to Stark and Stark's billing rates of $500 to $750 per hour for similar complex litigation matters and noted that attorneys at Stark & Stark had recently been awarded between $550 and $700 per hour in matters involving fee shifting provisions. (*Id*. at ¶¶ 19–20). Overall, Mr. Donahue stated that "Mr. Heizler's request for $500/hour is reasonable for attorneys of his experience and expertise in the Trenton vicinage. Further, the hourly rate requested by Ms. Rizzo for Mr. Heizler's work is eminently reasonable and supportable based upon the successful result obtained before the District Court as well as the Court of Appeals." (*Id*. at ¶ 22). In addition to both of these declarations, the Court of Appeals found the $500 per hour rate to reasonable on appeal. (*See* Case No. 20-1144, ECF No. 50). Given the information supplied to the Court—along with a review of previous cases—the Court finds that Plaintiff's Counsel's requested rate of $500 is reasonable for comparable legal services provided in this area.

In terms of the reasonableness of the time expended on this matter, a court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary'" in order to determine whether the hours charged are reasonable. *Einhorn v. Dimedio Lime Co.*, No. 13-3634, 2015 WL 5920911, at *2 (D.N.J. Oct. 9, 2015) (internal citations omitted). "Counsel

11

seeking attorney's fees 'must include fairly definite information as to hours devoted to activities[.]'" *Einhorn*, 2015 WL 5920911, at *2 (quoting *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001)). In reviewing the hours claimed, a court cannot reduce an award *sua sponte*; "it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).

Here, Plaintiff's Counsel sets forth the summary of services rendered and hours billed. (ECF No. 60-1). Plaintiff's Counsel requests compensation for 251.60 hours of work product in the District Court litigation. (ECF No. 60-1 at 11). Plaintiff's Counsel indicates that the fees sought relate to the time spent on meeting with the client, document preparation, document review, and email exchanges with opposing counsel. (*Id.*). At oral argument, Defense Counsel objected to the number of entries listed in hour intervals, arguing that they were inflated. (T11:5–12).

The Court is unpersuaded by Defense Counsel's objections; it is reasonable that Plaintiff's Counsel might spend all day preparing legal documents for the Court across multiple days. Further, the time entries provide a sufficiently detailed list of the work performed for the Court to determine that the task described justified the time spent. None of the entries appear to be excessive or inflated, and often lay out the number of pages involved in these tasks which would justify the length of time spent on each task. (*See* ECF No. 60-1 at 12). Although the Court finds the total

number of hours expended on this matter to be greater than the number presented in the papers when the numbers in the timesheet are summed, the Court finds the difference to be *de minimis*. Accordingly, the Court finds that 251.60 hours is a reasonable number of hours expended on the District Court litigation.

### b) *Reasonableness of Costs*

Plaintiff's Counsel also seeks $3,279.88 in costs. (ECF 56 at 1). The costs detailed in the time sheet include Judge Lawson's bill, travel costs to Court, a filing fee, service of process, travel costs, a corporate records search, photocopies, and postage. As previously stated, Standard Life objected to the original fee application, noting that it was incorrectly filed and had not included the time sheet. The Court is considering the time sheet submitted in ECF No. 60 as reflective of Plaintiff's Counsel's request.

In this revised time sheet submitted to the Court at ECF No. 60, the Court finds the costs listed in the summary of work from September 27, 2016 to October 28, 2019 total only $2,424.75—not $3,279.88. Given that the extra $855.13 is not accounted for in the time sheet provided to the Court, the Court will only consider the costs written in ECF No. 60 in its determination of the costs expended.

The Court finds the lists of costs detailed in ECF No. 60 to be reasonable and sufficiently detailed. Accordingly, Plaintiff's Counsel is awarded $2,424,75 in costs for the District Court litigation.

c) *Interest*

In his papers, Mr. Heizler moves for attorney's fees and costs plus interest. Plaintiff's Counsel advances no legal arguments as to why he is entitled to interest on an attorney's award or how that interest should be calculated. The Court is unable to find any case law on the same. Accordingly, Plaintiff's Counsel's motion for interest on the attorney's fees and costs award is denied.

## IV.

For the foregoing reasons, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part. Defendant shall pay Plaintiff's Counsel $125,800 in attorneys' fees and $2,424,75 in costs for litigation before the District Court. Plaintiff's Counsel is not entitled to interest on the attorney's fees and costs.

## **ORDER**

Having considered the briefs and arguments of the parties and for good cause shown, for all of the foregoing reasons,

**IT IS** on this 18th day of October, 2023,

**ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 56) is **GRANTED** in part awarding $125,800 in attorneys' fees and $2,424,75 in costs; and it is further;

**ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 56) is **DENIED** in part regarding the imposition of interest on these attorney's fees and costs.

_____
PETER G. SHERIDAN, U.S.D.J.